```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Doreen W.

    v.                                    Civil No. 11-cv-036-JL
                                           Opinion No. 2013 DNH 054P
MWV Healthcare Assocs.,
Inc., *et al.*

## SUMMARY ORDER

The plaintiff, proceeding pseudonymously on behalf of her minor son, "A.D.," has brought a medical malpractice claim against several providers who, she alleges, negligently failed to diagnose him with a brain tumor.  Though the tumor was eventually identified and removed, the plaintiff alleges that, by that point, it "had grown substantially in size from the time it should have first been recognized and treated," leaving A.D. without sight in either eye.  This court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity), because A.D. is a citizen of Maine, see id. § 1332(a)(c)(2), while the defendants are citizens of New Hampshire.

One of the defendants, Rita Kostecke, M.D., has filed two motions in limine seeking to exclude evidence at the upcoming trial.  Kostecke seeks to exclude evidence of (1) the "face amount" of the medical bills allegedly necessitated by her negligence and (2) any "neuropsychological injury" to A.D.  For the reasons set forth below, Kostecke's first motion in limine is

denied, but her second motion in limine is granted (without prejudice to the plaintiff's ability to demonstrate the relevance of A.D.'s neuropsychological injury later in the proceedings).

**Face amounts of medical bills**

In her first motion in limine, Kostecke seeks to preclude the plaintiff from putting into evidence "the 'face amount' of medical expenses" as reflected in A.D.'s medical bills.  Kostecke argues that "[t]he face amount of such bills represents only an arbitrary amount that the providers never expected would be paid, given their preexisting agreements with the insurers that they would accept significantly lesser sums as full compensation."  In fact, Kotsecke states, "a significant portion ($32,319.14, representing 22%) of the face amount was neither incurred by the plaintiff nor paid by [her], her insurers, or any other" person.  Thus, Kotsecke maintains, the amounts shown on A.D.'s medical bills are "unfairly prejudicial," requiring their exclusion under Rule 403 of the Federal Rules of Evidence.

As Kotsecke acknowledges, this court has repeatedly rejected similar arguments as "at odds with New Hampshire's collateral source rule."  Reed v. Nat'l Council of Boy Scouts of Am., Inc., 706 F. Supp. 2d 180, 190 (D.N.H. 2010); see also Herbst v. L.B.O. Holding, Inc., 783 F. Supp. 2d 262, 267 (D.N.H. 2011); Bartlett

2

v. Mut. Pharm. Co., 2010 DNH 125, 4; Aumand v. Dartmouth Hitchcock Medical Center, 611 F. Supp. 2d 78, 90-92 (D.N.H. 2009); Williamson v. Odyssey House, Inc., 2000 DNH 238, 3. Under that rule, "'if a plaintiff is compensated in whole or part for his damages by some source independent of the tort-feasor, he is still permitted to make full recovery against the tort-feasor.'" Aumand, 611 F. Supp. 2d at 90 (quoting Williamson, 2000 DNH at 2 (further quotation marks omitted)).

In Reed, in fact, this court rejected--in a lengthy and detailed analysis discussing caselaw from New Hampshire as well as other jurisdictions--the argument that "the collateral source rule does not apply to charges billed but later 'written off' by a plaintiff's medical provider, since those amounts were never 'paid' by a collateral source or, indeed, anybody." 706 F. Supp. 2d at 190-94. Kostecke argues that Reed, and the other decisions of this court that are in accord with it, "must be rejected as misapplying the collateral source rule to the difference between the billed amount and the paid amount for which neither the plaintiff nor anyone else was ever liable." As the court explained in Reed, however, "[t]his argument ignores the reality that, when a medical provider agrees to 'write-off' an amount it would otherwise charge, that confers just as much of a benefit on the plaintiff (and, if disallowed as a measure of damages, would

3

in fact confer just as much of a benefit on the defendant) as if the 'written off' amount had been paid by a third party." Id. The collateral source rule, of course, "applies to all benefits the plaintiff receives from third parties as a result of his injuries by the defendant, regardless of their nature." Id. (citing Clough v. Schwartz, 94 N.H. 139, 141 (1946)); see also, e.g., Restatement (Second) of Torts § 920A cmt. *b*, at 514 (1979).

Neither Kostecke, nor any of the cases she cites, attempts to engage this reasoning, nor the many cases collected in the Reed opinion that support it.[1]  So she provides no reason for this court to waver from its position, announced in Reed, that "unless and until this state's version of the collateral source rule is changed by the New Hampshire legislature or New Hampshire Supreme Court, this court will continue to apply it to billed amounts 'written off' by a plaintiff's providers, in accordance with the law here and in the vast majority of other jurisdictions." 706 F. Supp. 2d at 194.  Neither the New Hampshire legislature nor the Supreme Court has done so.

Kostecke also argues, in the alternative, that her motion to prevent the plaintiff from introducing the face amount of A.D.'s medical bills "does not involve the collateral source rule," but

---

[1] Indeed, nearly all of the cases on which Kostecke relies were discussed, and specifically rejected, in Reed.

4

rather, the rule limiting a plaintiff's recovery to the "reasonable value of medical services" necessitated by the defendant's negligence.  As this court has recognized, that is the proper measure of that item of damages under New Hampshire law.  See Aumand, 611 F. Supp. 2d at 90 (discussing Williamson, 2000 DNH 238, at 2).  Kostecke argues that the face amount of A.D.'s medical bills is not probative on that point because it "represents only an arbitrary amount," "a sum that bears no reflection on the value of the services," and "a fictional, inflated figure."  The court disagrees.

As an initial matter, the face amount of the bills is clearly relevant, i.e., it "has [a] tendency to make a fact more or less probable . . . and the fact is of consequence in determing the action."  Fed. R. Evid. 401.  That fact, of course, is the reasonable value of medical services that A.D. received. It may be true that the face amount of A.D.'s medical bills is not conclusive on that point.  But it does not follow that the face amount of the bills is so lacking in probative worth as to the reasonable value of A.D.'s medical expenses that the evidence should be excluded, under Rule 403, based on its risk of prejudicing Kostecke, or confusing the jury.

Indeed, as this court explained in Aumand, nothing prevents a defendant from "questioning the face amount of medical bills as

equivalent to the reasonable value of [the plaintiff's] medical expenses," id. at 92 n. 12--so long as the defendant does not use the amounts actually paid, by the plaintiff's insurers, to settle those bills to do so.  That would constitute "an end-run around the collateral source rule, as a number of courts have concluded in upholding the exclusion of what a third party paid toward medical expenses as evidence of their value."  Id. at 91 (collecting cases).[2]  Thus, so long as she does not use evidence of the write-offs, Kostecke is free to challenge the face amount of the bills as representing the reasonable value of medical services, whether by cross-examining the plaintiff's witnesses on that subject, presenting admissible opinion testimony from a properly qualified and designated expert, or in any other manner allowed by the rules of evidence and procedure.  See Bartlett, 2010 DNH 125, 5.  But Kostecke's motion to prevent the plaintiff from introducing the face amounts of the bills is denied.

**Evidence of neuropsychological injury**

Kostecke also seeks to exclude any evidence of A.D.'s neuropsychological injuries.  She argues that the plaintiff has

---

[2]Kostecke--who does not seek to introduce evidence of the "written-off" amounts, but to prevent the plaintiff from introducing the face amounts--does not appear to question this aspect of Aumand and, in any event, offers no reason why this court should depart from it here.

not disclosed an expert witness to give the requisite expert testimony as to a casual connection between those injuries and Kostecke's alleged negligence.  In fact, Kostecke points out, while the plaintiff's designated medical experts have disclosed opinions identifying Kostecke's malpractice as the cause of A.D.'s vision deficits, they have admitted at their depositions that they reached no opinion linking the malpractice to A.D.'s neuropsychological deficits.  Because New Hampshire law requires expert testimony to prove the causal connection between a defendant's medical malpractice and the plaintiff's injury, see N.H. Rev. Stat. Ann. § 507-E:2, I(c), Kostecke argues, allowing the plaintiff to present evidence of A.D.'s neuropsychological injury in the absence of such expert testimony creates an unacceptable risk of prejudicing her and confusing the jury.  See Fed. R. Evid. 403.

    The plaintiff's only response is a statement that "prohibit[ing] the jury from considering any neuropsychological injury would unfairly restrict the jury's consideration of the circumstances of the case and [A.D.'s] medical condition."  This otherwise unexplained assertion falls woefully short of establishing the relevance of A.D.'s neuropsychological injuries, see Fed. R. Evid. 401, let alone that, under Rule 403, their probative value comes close to outweighing their prejudicial

7

effect (which Kostecke's motion amply shows, as just discussed). Accordingly, Kostecke's motion is granted, albeit without prejudice to the plaintiff's ability, between now and when she seeks to introduce any such evidence at trial, to demonstrate its relevance and probative value.  But the plaintiff shall not seek to introduce such evidence, or mention A.D.'s neuropsychological injuries to the jury, without this court's prior ruling that she may do so.

**Conclusion**

For the foregoing reasons, Kostecke's first motion in limine[3] is DENIED, and her second motion in limine[4] is GRANTED without prejudice.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 5, 2013

cc:  David P. Slawsky, Esq.
     Daniel R. Sonneborn, Esq.
     Alan B. Rindler, Esq.

---

[3]Document no. 29.

[4]Document no. 30.